THE TRAVELERS INSURANCE COMPANY, Appellant,

*v.*

DANIEL HATCHER, Appellee.

425 S.W.2d 580.

(*Knoxville,* September Term, 1967.)

Opinion filed March 6, 1968.

FRED H. CAGLE, JR., Knoxville, FRANTZ, MCCONNELL & SEYMOUR, Knoxville, of counsel, for appellant.

HARVEY SPROUL, Lenoir City, for appellee.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This is an appeal from a decree awarding workmen's compensation benefits to appellee, Daniel Hatcher. We will refer to the parties as they appeared in the trial court; that is Hatcher as petitioner; and The Travelers Insurance Company as defendant.

Petitioner originally sued for permanent disability benefits for injuries to his left foot. Later he amended his original bill to aver his pain and disability extended to his neck and back and affected his body as a whole.

Defendant admitted petitioner was entitled to workmen's compensation benefits and paid benefits for temporary total disability for a period of thirteen weeks and six days. However, defendant denied complainant was permanently disabled and averred any permanent disability he may have suffered from the injury was slight and confined to his left foot.

The Chancellor found petitioner injured his left foot which caused him, "severe pain and swelling, the pain, weakness, and swelling and numbness extending up and through the nerves and muscles of his left leg, and later

to his neck and back which still hurts him." The Chancellor awarded petitioner forty per cent permanent disability to the body as a whole.

Defendant insists there is no evidence in the record to support a finding there is a causal connection between complainant's foot injury and his subsequent complaints of pain in his neck and back.

On November 23, 1964, petitioner was stacking concrete blocks. While carrying a block from an elevator to the stack the block broke and fell on his left foot. He continued to work that day. The next day he went to Dr. Dennis Coughlin, an orthopedic specialist and was under his care for several months. X-rays revealed a small crack in the first metatarsal bone of the left foot.

Petitioner continued to experience pain in his foot. Dr. Coughlin suggested he see Dr. Lucian Trent. Dr. Trent performed a sympathectomy. That is, petitioner's abdomen was entered and a sympathetic nerve chain to his leg and foot removed.

Approximately nine months after the injury, petitioner experienced pain in his neck and back in addition to pain in his left foot.

At the trial, petitioner stated due to the pain in his foot, neck and back, he was one-third less efficient in his work than he had been prior thereto. He estimated his disability to be thirty-five per cent to his body as a whole.

Dr. Coughlin stated he last saw petitioner November 8, 1965, three days before the trial; and petitioner, for the first time, stated to him he had pain in his neck and back. He testified he could not explain the pain in his neck and back. He further stated he was of the opinion

the pain petitioner was experiencing was not incapacitating or disabling.

Dr. William Patterson examined petitioner on two occasions: June 12, 1965, and November 3, 1965, respectively. He stated it was, "a little difficult to say that this man is not having foot pain." He was of the opinion he was able to carry on his usual work. He found, however, petitioner had five to eight per cent permanent partial disability to his left lower extremity. He made no statement relative to the pain in petitioner's neck and back.

The record is devoid of any competent evidence to the effect there was any causal connection between petitioner's foot injury and his subsequent pain in his neck and back. Petitioner merely testified the pain in his neck and back developed about nine months after his foot injury.

"While it is true that lay testimony, including that of claimant, is of probative value in establishing such simple matters as the existence of pain, its location, petitioner's inability to work, etc., there are areas in which lay testimony is obviously incompetent. See *Fidelity & Casualty Company of New York v. Treadwell* [212 Tenn. 1], 367 S.W.2d 470, 474 (1963). In the instant case, the employee and her husband were not competent to testify that the increased incapacity suffered by the employee 'was due solely to her original injury.' This question was one for a doctor of medicine, thoroughly acquainted with the human anatomy, to determine." *Magnavox Co. of Tennessee v. Shepherd,* 214 Tenn. 321, 379 S.W.2d 791 (1964).

The question of whether petitioner's foot injury caused the pain in his neck and back to develop nine months later is a complicated one and carries the finder

of facts into realms which are properly within the province of medical experts. *American Enka Corp. v. Sutton,* 216 Tenn. 228, 391 S.W.2d 643 (1965).

"The increasing tendency to make awards unsupported by medical testimony should not be allowed to obscure the basic necessity of establishing medical causation by expert testimony in all but simple and routine cases—and even in these cases such evidence is highly desirable." *American Enka Corp. v. Sutton,* **supra.**

■ We agree with defendant there is no material evidence in the record to support the finding of the Chancellor there was a causal connection between petitioner's foot injury and the development of pain in his back and neck.

Defendant next insists the injury was solely to petitioner's foot and it was error for the Chancellor to award benefits for disability to the body as a whole. We agree.

As stated hereinabove, there is no competent proof in the record to show a causal connection between the injury to petitioner's foot and the subsequent pain in his neck and back. This being true, the Chancellor should have only awarded benefits for the injury to petitioner's foot.

The last paragraph of T.C.A. Section 50-1007(c) reads:

"All other cases of permanent partial disability not above enumerated shall be apportioned to the body as a whole, which shall have a value of four hundred (400) weeks and there shall be paid compensation to the injured employee for the proportionate loss of use

of the body as a whole resulting from the injury. Compensation for such permanent partial disability shall be subject to the same limitations as to the maximum and minimum as provided in subsection (a). The benefits provided by this paragraph shall not be awarded in any case where benefits for a specific loss is otherwise provided in this title.''

Under the proof herein, since petitioner's injury is for a specific loss, part of the foot, the courts are not authorized to award injuries to the body as a whole. *Shores v. Shores*, 217 Tenn. 96, 395 S.W.2d 388 (1965).

The only proof as to the extent of injury to petitioner's foot is the testimony of Dr. Patterson. He was of the opinion petitioner had suffered an eight percent permanent partial disability to his left foot.

"In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss." T.C.A. Section 50-1007(c).

Under this Court's construction of the last sentence of T.C.A. Section 50-1007(c), the 1963 amendment to the Workmen's Compensation Law, and the proof, petitioner's maximum recovery is fixed at eight (8%) per cent for the loss or loss of the use of his foot and the scheduled length of time for the loss or loss of the use of a foot is one hundred twenty-five (125) weeks. Thus, the recovery must be limited to eight (8%) per cent for the loss of the use of the foot.

The decree of the Chancellor, as modified, is affirmed. An order may be drawn accordingly. Defendant will pay the costs.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.